

# SEALED

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

                                District of  **Nevada**

UNITED STATES OF AMERICA
v.
ELENA WOODARD

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number:   2:09-CR-0481-JCM-PAL

USM Number:    44717-148

SAMUEL FRANK STAPLETON
Defendant's Attorney

**THE DEFENDANT:**

**X** pleaded guilty to count(s)   **ONE [1] OF THE INFORMATION**

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy | 06-2008 | One [1] |

   The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JULY 13, 2010
Date of Imposition of Judgment

*/s/ James C. Mahan*
Signature of Judge

JAMES C. MAHAN, U.S. DISTRICT JUDGE
Name and Title of Judge

May 9, 2012
Date

DEFENDANT: ELENA WOODARD
CASE NUMBER: 2:09-CR-0481-JCM-PAL

## PROBATION

The defendant is hereby sentenced to probation for a term of :

## [5] YEARS

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

**X** **The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.** *(Check, if*

**X** **The defendant shall cooperate in the collection of DNA as directed by the probation officer.** *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:         ELENA WOODARD
CASE NUMBER:    2:09-CR-0481-JCM-PAL

# SPECIAL CONDITIONS OF PROBATION

1. **Possession of Weapons** - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. **Warrantless Search** - You shall submit your person, property, residence, place of business and vehicle under your control to a search conducted by the United States Probation Officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other occupant that the premises may be subject to a search pursuant to this condition.

3. **Debt Obligations** - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4. **Access to Financial Information** - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

5. **Employment Restriction** - You shall be restricted from engaging in employment, consulting, or any association with mortgage lending/consulting or real estate business for a period of **5 years**.

6. **Report to Probation Officer Immediately After Sentencing** - You shall report in person, to the probation office in the district in which you are released immediately today.

DEFENDANT: ELENA WOODARD
CASE NUMBER: 2:09-CR-0481-JCM-PAL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ waived | $ 122,900.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Federal Home Loan Mortgage Corp<br>8200 Jones Branch Dr., #204<br>McLean, Virginia 22102 | $122,900.00 | $122,900.00 | |
| **TOTALS** | $ 122,900.00 | $ 122,900.00 | |

☒ Restitution amount ordered pursuant to plea agreement $ **122,900.00**

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ELENA WOODARD
CASE NUMBER: 2:09-CR-0481-JCM-PAL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  **X**  **Lump sum payment of $ 100.00 due immediately,** balance due

  ☐ not later than _____ , or
  ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  **X**  Special instructions regarding the payment of criminal monetary penalties:

  **Schedule of payments** - Any remaining balance shall be paid during the term of supervised release at a rate of no less than 10% of gross income, subject to an adjustment by the probation officer based upon the ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**X**  Joint and Several

  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

**X**  The defendant shall forfeit the defendant's interest in the following property to the United States:
**\***
**. ORDER OF FORFEITURE ATTACHED"**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

# SEALED

23
24
25
26

Office of the United States Attorney
District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, NV 89101
(702) 388-6336

2011 DEC 19 A 9: 53

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | 2:09-CR-481-JCM (PAL) |
| ELENA WOODARD, ) | |
| Defendant. ) | |

### ORDER OF FORFEITURE

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover from ELENA WOODARD a criminal forfeiture money judgment in the amount of $200,000.00 in United States Currency pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and Title 18, United States Code, Section 982(a)(2)(A).

DATED this 28th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**

I, Heidi Skillin, certify that the following individuals were served with copies of the Order of Forfeiture on December 19, 2011, by the below identified method of service:

<u>U.S. Mail:</u>

Samuel Frank Stapleton
600 S. Third Street
Las Vegas, NV 89101
*Counsel for Defendant-Appellee Elena Woodard*

Matthew Q. Callister
823 Las Vegas, Blvd. South
Las Vegas, NV 89101
*Counsel for Defendant-Appellee Elena Woodard*

/s/HeidiSkillin
HEIDI SKILLIN
Forfeiture Support Associate Clerk

2